THE GEORGIA RAILROAD AND BANKING CO. *v.* FORRESTER.

Goods received by a railroad company from a connecting line to be transported over its own road, are, in the absence of a statement to the contrary in its receipt for the goods, presumed to have been received as in good order, within the meaning of section 2084 of the code.

July 15, 1895. By two Justices.

Action for damages. Before Judge EVE. City court of Richmond county. November term, 1894.

JOSEPH B. & BRYAN CUMMING, for plaintiff in error.

E. B. BAXTER, *contra.*

SIMMONS, Chief Justice.

This was an action for damages from delay in carrying a car of melons which were shipped from a point on the Savannah, Florida & Western railway to Augusta on the defendant's railroad. The case turns upon the construction of section 2084 of the code, which declares that "when there are several connecting railroads under different companies, and the goods are intended to be transported over more than one railroad, . . . the last company which has received the goods as in good order shall be responsible to the consignee for any damage, open or concealed, done to the goods, and such companies shall settle among themselves the question of ultimate liability." It appears that the melons were in good order when received by the initial carrier, but the receipt given by the defendant company to the initial carrier contains no indication as to whether they were in good order when the defendant received them or not. When the case was here before, we held that the first company having receipted for the melons as in good order, the presumption, in the absence of proof to the contrary, was that they were in like good order when received by the defendant company. (92 *Ga.* 701.) It did not then appear, however, that the defendant company had given any receipt at all for the consignment, and it is contended that the presumption then held to exist was rebutted on the last trial by the production of the receipt itself. We do not agree with counsel in this contention. "The policy of the law," as was said by LUMPKIN, J., in discussing the section above referred to (92 *Ga.* 703), "is to relieve the patrons of railroad companies of the burden and difficulty of ascertaining and fixing liability on that one of the several connecting carriers handling the shipment upon whose line the damage occurred," and it is manifest that the purpose of the statute would be defeated if the carrier could

cast this burden upon the consignee by giving a receipt containing no statement as to the condition of the goods. We think the statute means that the carrier shall be responsible to the consignee as having received the goods in good order, unless it shows that they were not in good order; and it cannot do this by showing a receipt which is wholly silent on the subject.

*Judgment affirmed.*